<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIAH SMITH,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT M. ADOCHIO, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 24-04729 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

<u>**CASTNER, District Judge**</u>

　　**THIS MATTER** comes before the Court on the Complaint and Application to Proceed *In Forma Pauperis* (IFP) filed by Plaintiff Mariah Smith against Defendants Robert M. Adochio, Sheila Angella Reid, Marlina Papotto, Richard W. Veitch, Philip Alan Borow, Mildred Mendez, and Nase James Reid.  (ECF No. 1.)  For the reasons set forth below, and other good cause shown, Smith's Application to Proceed *In Forma Pauperis* is **GRANTED**, but her Complaint is **DISMISSED** with prejudice.

## I.　　<u>BACKGROUND</u>

　　On April 8, 2024, Smith filed her Complaint and IFP application.  (ECF No. 1.)  The Complaint asserts civil rights claims against Defendants for malicious prosecution and challenges the legitimacy of an underlying criminal municipal court proceeding, claiming that Smith was not permitted to testify on her own behalf.  (*Id.* at 2-3.)

　　Smith previously filed—and this Court ultimately dismissed—an action that was nearly identical to the instant matter.  *See Smith v. Borow*, Civ. No. 19-08553, 2020 WL 5494715 (D.N.J. Sept. 10, 2020) (dismissing Smith's complaint under Rule 8); *Smith v. Borow*, Civ. No. 19-08553,

2022 WL 1519222 (D.N.J. May 13, 2022) (noting that Smith's amended complaint was previously dismissed for being substantially similar to the original complaint, and dismissing with prejudice Plaintiff's second amended complaint under Rule 8); *Smith v. Borow*, Civ. No. 19-08553, 2023 WL 5177442 (D.N.J. Aug. 11, 2023) (holding that Smith was not entitled to relief under Federal Rule of Appellate Procedure 4(a)(6)).   In addition, Smith has a history of excessively filing submissions in both the federal and state courts.  In the Superior Court of New Jersey, Middlesex County, Smith was precluded from filing because of the repetitive and meritless nature of her previous submissions.  (*See* Civ. No. 19-08553, ECF No. 11-1 at 2-3.)  In the previous federal action, the Court precluded Smith from filing additional submissions after similar repetitive and meritless filings.  (Civ. No. 19-08553, ECF No. 46.)

## II.  LEGAL STANDARD

### A.  *In Forma Pauperis*

To avoid paying the filing fee for a civil case in this district, a litigant may apply to proceed *in forma pauperis*.  In considering applications to proceed *in forma pauperis*, the Court engages in a two-step analysis.  *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a).  *Id.*  Under Section 1915(a), a plaintiff's application must "state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty."  *Simon v. Mercer Cnty. Comm. College*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).

Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e).  *Ball v. Famiglio,* 726 F.3d 448, 452 (3d Cir. 2013).  "The legal standard for dismissing a complaint

for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [('Rule')] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

### B.      Rule 12(b)(6) – Failure to State a Claim

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III.      DISCUSSION

### A.      Application to Proceed *In Forma Pauperis*

It appears from Smith's IFP application that she has very few assets and no regular source of income. (ECF No. 1-2.) Smith has shown sufficient economic disadvantage to proceed IFP. *See DiPietro v. Christie*, Civ. No. 15-1441, 2015 WL 1609042, at *2 (D.N.J. Apr. 10, 2015).

### B.      Review Under 28 U.S.C. § 1915(e)(2)(B)

The Court finds that Smith's claims against Defendants Adochio, Papotto, Veitch, and Borow are barred under the doctrine of res judicata.

Res judicata, or collateral estoppel, bars any party to a civil lawsuit from "pursuing a second suit against the same adversary based on the same cause of action." *Gage v. New Jersey*

*Dep't of Env't Prot.*, Civ. No. 23-21264, 2024 WL 1076675, at *4 (D.N.J. Mar. 12, 2024) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d. Cir. 2008)).  Res judicata requires three elements: "(1) a final judgment on the merits in a previous lawsuit involving; (2) the same parties or their privies; and (3) a subsequent action based on the same cause of action."  *Simoni v. Luciani*, 872 F. Supp. 2d 382, 388 (D.N.J. July 5, 2012) (citing *Mullarkey v. Tamboer*, 536 F.3d 215, 225 (3d. Cir. 2008)).[1]

The Court turns to its previous decisions in *Smith v. Borow, et al.*, Civ. No. 19-08553, to determine whether this matter is barred by res judicata.  There, the Court issued an Order dated May 13, 2022 dismissing Smith's Second Amended Complaint with prejudice.  (Civ. No. 19-08553, ECF No. 31.)  The May 13, 2022 Order in the previous action dismissing Smith's Second Amended Complaint with prejudice constitutes a final judgment on the merits.  *See Simoni*, 872 F. Supp. 2d at 390 ("Dismissal for failure to state a claim serves as a final judgment on the merits."); *Muhammad v. Weikel*, Civ. No. 19-1373, 2019 WL 4687196, at *2-3 (M.D. Pa. Sept. 26, 2019) (dismissing a complaint screened under 28 U.S.C. § 1915A on res judicata grounds and finding that a previous dismissal under § 1915A constituted a final judgment on the merits).[2]

Next, Smith's claims in this action are identical to the claims in her previous action.  Both actions involve the same civil rights claims for malicious prosecution arising from a past criminal

---

[1]    "In the interest of judicial economy res judicata may properly be raised by a district court *sua sponte*."  *Courteau v. United States*, Civ. No. 02-0659, 2007 WL 1456198, at *3 (D.N.J. May 14, 2007).  In addition, the Court may apply the doctrine of *res judicata* when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Kraft v. Phelan Hallihan Diamond & Jones PC*, Civ. No. 18-15525, 2021 WL 2767383, at *2 (D.N.J. Jul. 1, 2021) (collecting cases).

[2]    The Court considers its prior judicial decisions "not for the truth of facts therein, but for [their] existence and legal effect."  *See Somerset v. Partners Pharmacy LLC*, Civ. No. 19-19707, 2019 WL 5783308, at *1-2 (D.N.J. Nov. 6, 2019) (citing *Britt v. United Steel Workers Local 2367*, 319 F. App'x 89, 90 (3d Cir. 2008)) (considering its previous decisions when screening a complaint under 28 U.S.C § 1915(e) and finding that the case was barred under res judicata).

municipal court proceeding.  (*Compare Smith v. Borow*, Civ. No. 19-08553, ECF No. 16 (bringing claims for malicious prosecution for not being permitted to testify or cross-examine witnesses at a trial related to an incident between Smith and Defendant Sheila Reid that occurred on August 14, 2015), *with Smith v. Adochio*, Civ. No. 24-04729, ECF No. 1 at 1-2, 23 (alleging that Smith was told "do not testify" and was not allowed to defend herself at a trial regarding the same August 14, 2015 incident).)

Finally, four of the Defendants in the instant suit—Adochio, Papotto, Veitch, and Borow—were named by Smith in the prior action.  (*See* Civ. No. 19-08553, ECF No. 16.)  Accordingly, the Court finds that Smith's claims against Defendants Adochio, Papotto, Veitch, and Borow are barred under the doctrine of res judicata.  *See Somerset*, 2019 WL 5783308, at *1-2 (dismissing a *pro se* plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e) on res judicata grounds).

### 1.    *New Defendants*

Smith names three new Defendants in the instant suit—Sheila Reid, Nase Reid, and Mendez.  (ECF No. 1 at 1-4.)  Sheila Reid appears to be the complaining witness in the underlying prosecution that forms the basis of Smith's claims.  (*See id.*)  The Complaint contains a written witness statement from Mendez, but it is unclear whether and to what extent Mendez was involved in the underlying criminal prosecution.  (*Id.* at 16.)  The Complaint does not bring any specific allegations against Nase Reid, who appears to be Sheila Reid's child.  (*See id.*)

"[R]es judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants—also referred to as 'privity.'"  *Gage*, 2024 WL 1076675, at *4. Smith mentioned Sheila Reid and Mendez multiple times in the previous litigation.  (*See* Civ. No.

19-08553, ECF No. 16 at 1-2.)  But Sheila Reid, Mendez, and Nase Reid were not named as defendants in the prior matter, and nothing before the Court indicates that they were in "privity" with the other Defendants.  However, to the extent Smith's claims against these three Defendants are not barred by res judicata, the Court finds good cause to dismiss Smith's claims against these additional Defendants with prejudice.

First, the Court cannot discern any allegations against Nase Reid.  (*See generally* ECF No. 1.)  Next, Smith's allegations concerning Sheila Reid and Mendez are "replete with unsupported and disjointed analysis of witness statements and police reports, and . . . fail[] to provide any facts that could constitute a legal claim."  (*See* Civ. No. 19-08553, ECF No. 4, at 4.)  Smith appears to allege that Sheila wrongfully provided the state court with "a statement from . . . Mendez," but does not accuse Mendez of any specific wrongful conduct.  (ECF No. 1 at 2-3.)  And Smith's allegations against Sheila Reid boil down to accusing her of "telling a false story."  (*Id.* at 23-24.)  Even under the liberal pleading standard afforded to *pro se* litigants, Smith has not "allege[d] sufficient facts . . . to support a claim" against any of these remaining Defendants.  *Mala*, 704 F.3d at 245.  Nor has she alleged facts to "allow[] the court to draw the reasonable inference" that the Defendants are liable for any misconduct.  *Fair Wind Sailing*, 764 F.3d at 308 n.3.

In sum, Smith's allegations in the present suit are nearly identical to the facts the Court already adjudicated in the prior suit.  The claims against Adochio, Papotto, Veitch, and Borow are barred under the doctrine of res judicata; and to the extent the claims against Sheila Reid, Nase Reid, and Mendez are not barred by res judicata, they are dismissed for failure to state a claim. Because Smith was afforded multiple opportunities to amend those allegations, the Court finds that allowing Smith to amend her current Complaint would be futile.  *See Prudential Ins. Co. of Am. v. Bank of Am., Nat. Ass'n*, 14 F. Supp. 3d 591, 596 (D.N.J. 2014); *Townsend v. NJ Transit*,

Civ. No. 10-1136, 2010 WL 4038833, at *1 (D.N.J. Oct. 13, 2010) (granting the plaintiff's IFP application but dismissing the complaint with prejudice under the doctrine of res judicata where the "instant complaint cite[d] the same set of facts and only include[d] additional defendants"). Accordingly, dismissal with prejudice is appropriate.[3]

## IV.    CONCLUSION & ORDER

For the foregoing reasons, and other good cause shown,

**IT IS** on this 20th day of November 2024, **ORDERED** as follows:

1.  Smith's application to proceed *in forma pauperis* is **GRANTED**.

2.  Smith's complaint is **DISMISSED** with prejudice.

3.  The Clerk's Office is directed to mail Smith a copy of this Memorandum Order and **CLOSE** this case.

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[3]     Plaintiff has submitted a letter request in this matter asking the Magistrate Judge to review her Complaint, alleging that she has filed a complaint against the Undersigned for "wrongdoing on another case." (ECF No. 3 at 1.) To the extent Plaintiff's letter moves to recuse the Undersigned, Plaintiff's motion is denied. Plaintiff previously requested the Undersigned's recusal in *Smith v. Borow*, Civ. No. 19-08553, which was denied by the Hon. Chief Judge Bumb. (Civ. No. 19-08553, ECF No. 61.) Here, Plaintiff has not filed a "timely and sufficient affidavit" establishing that the Undersigned has a "personal bias or prejudice" against Plaintiff or in favor of the adverse party, or that the Undersigned's "impartiality might reasonably be questioned" under an objective standard. 28 U.S.C. §§ 144, 455(a). Nor has Plaintiff identified any extrajudicial conduct indicating a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Finally, Plaintiff has not identified any facts with particularity demonstrating a bias that is personal as opposed to judicial in nature, or would convince a reasonable person that a bias exists. *United States v. Thompson*, 483 F.2d 527, 528 (3d. Cir. 1973). Plaintiff's request is denied.